UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CATHEDRAL OF FAITH BAPTIST CHURCH**          CIVIL CASE NO. _____

versus                                          JUDGE JAMES CAIN

**WILSHIRE INSURANCE COMPANY**                  MAGISTRATE JUDGE KAY

**ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes **CATHEDRAL OF FAITH BAPTIST CHURCH** (hereinafter "Plaintiff"), who respectfully represents as follows:

**Parties**

1.

The parties herein are:

Plaintiff is an unincorporated religious entity located in Calcasieu Parish, Louisiana; and

Made defendant herein is **WILSHIRE INSURANCE COMPANY** (hereinafter "Defendant"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Factual Background**

3.

Defendant insured the property of Plaintiff located at 2549 Moeling Street, Lake Charles, Louisiana under Policy No. CP00266108, which was in full force and effect on August 27, 2020.

4.

Where used herein, Defendant refers to not only Defendant but to anyone acting for or on behalf of Defendant in relation to the claims of Plaintiff, including the employees, contractors, adjusters and agents of Defendant or anyone providing services to Defendant relating to the claims of Plaintiff.

5.

Hurricane Laura struck the Gulf Coast including Lake Charles, Louisiana from August 26-28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Laura. Not only did the church and congregation hall receive damage rendering them unusable, but the contents of the buildings sustained damage and there were limbs and other debris that had to be removed.

7.

Defendant was notified of the loss and was provided with satisfactory proof of Plaintiff's loss when it was given full access to inspect all damages at the insured property without limitation on September 12, 2020.

8.

On October 19, 2020, Defendant prepared an estimate which misrepresented the extent and nature of the damage to the Plaintiff's buildings and underestimated the amount needed to repair the church and congregation hall. Defendant's estimate of repairs totaled a mere $49,239.10 to repair the church and $66,959.66 to repair the congregation hall, after application of the hurricane deductible.

9.

On April 21, 2021, Plaintiff, at its own cost, engaged the services of its own adjuster to complete a thorough inspection of the damage caused by Hurricane Laura and prepare an accurate, complete and correct estimate of damages which totaled $183,735.42 for the church and $189,946.20 for the repair of the congregation hall, exclusive of any other covered losses.

10.

On May 5, 2021, Plaintiff sent to Defendant satisfactory proof of loss which consisted of a complete and accurate estimate of damages to the insured property showing $183,735.42 in damages to the church and $189,946.20 in damages to the congregation hall, along with supporting documents.

**Claim for Breach of Contract**

11.

Defendant undeniably owes Plaintiff the amounts reflected in the satisfactory proof of loss sent on May 5, 2021 for covered losses to the church and congregation hall under the above designated policy and has failed to unconditionally tender the amounts owed. Defendant also owes for damaged contents under the policy.

12.

Defendant is in breach of its obligations to Plaintiff under the insurance policy by its failure to pay timely the amounts owed under the policy.

13.

In addition to amounts reflected in proofs of loss already received by Defendant, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the church and congregation hall, as well as damages to the contents of the church and congregation hall, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**Claims for Violations of La. R.S. § 22:1892 and/or § 22:1973**

14.

Louisiana Revised Statute 22:1892 obligates an insurer, such as Defendant, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

15.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss.

Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

16.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

17.

More than thirty and sixty days have elapsed since Defendant first received satisfactory proof of loss of all of Plaintiffs claims and Defendant still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

18.

In addition to the amount of the loss owed, Defendant is also liable to Plaintiff for a penalty of 50% of the amount due from Defendant, as well as reasonable attorney's fees and costs, based on Defendant's failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss because Defendant's failure to do so was arbitrary, capricious, or without probable cause.

19.

As a result of Defendant's failure to timely pay the amounts owed, Plaintiff has suffered and continues to suffer additional damages and financial losses associated with the damage to the insured property and Defendant's bad faith delays, including fees and expenses incurred, lost past and future business income, lost business opportunity, lost business good will, mental anguish and other damages, based on Defendant's misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing

to unconditionally tender the amounts owed to the Plaintiff within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

20.

In addition to actual damages for its violation of Louisiana Revised Statue 22:1973, Defendant is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

21.

Defendant is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

WHEREFORE, after due proceedings hereon, Plaintiff **CATHEDRAL OF FAITH BAPTIST CHURCH** prays for judgment in its favor against Defendant **WILSHIRE INSURANCE COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

RESPECTFULLY SUBMITTED

**COX, COX, FILO, CAMEL & WILSON, LLC**

s/Michael K. Cox
**MICHAEL K. COX (No. 22026)**
**SOMER G. BROWN (No. 31462)**
723 BROAD STREET
LAKE CHARLES, LA 70601
(337) 436-6611 (PH)
(337) 436-9541 (FAX)

*Attorneys for Cathedral of Faith Baptist Church*